**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2367
_____

LANDEAN MALCOLM,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-113-235)
Immigration Judge: Mirlande Tadal
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to 3d Cir. LAR 27.4 and I.O.P. 10.6
August 19, 2021

Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 31, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Landean Malcolm, a citizen of Jamaica, petitions pro se for review of a final order of removal entered by the Board of Immigration Appeals ("BIA"). The Government has moved for summary disposition. For the reasons that follow, we grant that motion and will summarily deny the petition.

I.

In 2015, a New Jersey state court sentenced Malcolm to four years in prison following his conviction for aggravated assault with a deadly weapon in violation of N.J. Stat. Ann. § 2C:12-1(b)(2). Based on that conviction, the Department of Homeland Security charged Malcolm with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an "aggravated felony," which, as relevant here, includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F) (footnote omitted). The "elements" clause of § 16 defines "crime of violence" to include, as relevant here, "an offense that has as an element the use, attempted use, or threatened use of physical force against the person . . . of another." 18 U.S.C. § 16(a).

Malcolm, through counsel, moved the immigration judge ("IJ") to terminate the removal proceedings, arguing that his conviction does not actually qualify as an aggravated felony. The IJ denied that motion and sustained the charge of removability,

2

concluding that Malcolm's argument lacked merit in view of, inter alia, this Court's decision in United States v. Abdullah, 905 F.3d 739 (3d Cir. 2018). In Abdullah, a panel of this Court held that a conviction under the New Jersey criminal statute at issue here categorically qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a)'s elements clause. See id. at 749. That clause, like the elements clause in § 16(a), defines "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

After the IJ denied the motion to terminate and sustained the charge of removability, Malcolm's counsel explained that Malcolm was not seeking any relief from removal. As a result, the IJ ordered Malcolm's removal to Jamaica. Malcolm then filed a counseled appeal with the BIA, once again arguing that his conviction does not qualify as an aggravated felony. In July 2021, the BIA upheld the IJ's decision and dismissed the appeal, explaining that Malcolm's argument was foreclosed by Abdullah. This timely pro se petition for review followed, and the Government now moves to summarily deny the petition.

## II.

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). "Whether a criminal conviction constitutes an aggravated felony for purposes of removal is a question of law subject to plenary review." Avila v. Att'y Gen., 826 F.3d 662, 666 (3d Cir. 2016).

3

We see no reason to disturb the agency's decision in this case. As the BIA explained, Malcolm's argument that his conviction does not qualify as an aggravated felony is foreclosed by Abdullah — a decision that we are bound to follow. See Joyce v. Maersk Line Ltd., 876 F.3d 502, 508 (3d Cir. 2017) (en banc) ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels." (quoting 3d Cir. I.O.P. 9.1)).[1] Because Malcolm's petition for review does not present a substantial question, we hereby grant the Government's motion for summary disposition, and we will summarily deny the petition. See 3d Cir. I.O.P. 10.6. The temporary administrative stay of removal entered by the Clerk on July 21, 2021, is vacated, and Malcolm's motion for a stay of removal is denied.

---

[1] Malcolm appears to argue that Abdullah runs afoul of certain preexisting Supreme Court precedent cited in that panel's decision. Although we are not bound by a prior panel's holding when it conflicts with Supreme Court precedent, we are not persuaded that Abdullah "is the rare circuit court decision that is inconsistent with the weight of antecedent Supreme Court precedent." Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 294 n.9 (3d Cir. 1998) (emphasis omitted).